James P. Glasgow, Appellant, *v.* William A. Kann.

*Judgment—Indexing judgments—Priority of lien—Act of March* 29, 1827
*—Mistake—Practice, C. P.*

Under the act of March 29, 1827, 9 Sm. L. 219, providing that entries in the judgment docket " shall be so made that one shall follow the other in the order of time in which the said judgments shall have been rendered, entered or filed," the order of actual entry, not the mere date on which it appears, determines the legal priority. Where a judgment posterior in position on the docket to another judgment bears an anterior date, and the docket entry of the judgment posterior in position contains the memorandum, " see indorsement on note " and on the note these words are indorsed, " Filed 6th of January, 1893 . . . . 11 Jan. '93 indexed on record but within note having been returned in error with statement to Plff.," the inconsistency in the record is explained by the reference.

A judgment regularly entered in the judgment docket cannot be deprived of its position then acquired by any act of the prothonotary in putting an earlier date to an entry made afterwards lower down on the page.

The proper practice when errors, clerical or other, are discovered is not to deface the record with erasures or blots or interlineations, but to put on it an explanation showing the error, how it was made, and how and when and by whom corrected. MITCHELL, J.

Argued April 23, 1895. Appeal, No. 22, Jan. T., 1895, by plaintiff, from order of C. P. Blair Co., Oct. T., 1893, No. 51, distributing proceeds of sheriff's sale of real estate. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to auditor's report distributing proceeds of sheriff's sale of real estate made on plaintiff's writ.

It appeared from the testimony before the auditor, Robert W. Smith, Esq., that on January 6, 1893, prothonotary J. L. Hartman received after office hours by mail from Dysart & Weaver, of Bellwood, a judgment note for $205.77 drawn in their favor and against William A. Kann. The prothonotary duly indorsed the note, " filed 6. January, 1893, J. L. Hartman, prothonotary," and also indorsed thereon the proper number it would bear on the judgment records, " No. 627, October Term, 1892." The prothonotary did not enter the note at this time on the judgment index docket. In acknowledging the receipt

of the note he inclosed inadvertently the indorsed note in an envelope and returned it to Dysart & Weaver, at Bellwood. Instead of rectifying the prothonotary's error and returning the note forthwith, Dysart & Weaver kept it in their possession. On January 9, 1893, G. M. Meyers, Esq., a member of the Blair county bar, appeared in the prothonotary's office, and at his instance two judgments were entered on that day against Kann in favor of James P. Glasgow, one for $161.59 and the other for $555. He then examined the judgment index docket to ascertain what liens there were against Kann at that time. He found no judgments there and saw no record of the Dysart & Weaver judgment. He made no personal inquiry of the prothonotary to ascertain if there were any liens ahead of the Glasgow notes. He advised Glasgow of the results of his search. Glasgow testified that "I had no notice of the fact that the Dysart & Weaver judgment was entered before mine."

On the evening of January 9, 1893, Mr. Weaver showed the note belonging to their firm to Mr. Meyers. Mr. Meyers advised him that the note should be in Hollidaysburg, and it was accordingly mailed back to the prothonotary. The indorsement on the back of the Dysart & Weaver note is " 11, January, 1893, indexed on record but within note having been returned in error with statement to plaintiff, J. L. Hartman, prothonotary." On January 11, 1893, the judgment was indexed in the judgment index docket. On both the judgment index and the continuance dockets, the date of entry of the Dysart & Weaver judgment is given as " January 6, 1893." The Glasgow judgments appear the nearest to the top of the page in the index docket, and there are several intervening judgments before the Dysart & Weaver judgment appears below.

The auditor postponed James P. Glasgow's judgment to that of Dysart & Weaver.

Exceptions to the auditor's report were overruled in an opinion by Longenecker, P. J., of the 16th judicial district, specially presiding.

*Error assigned*, among others, was " in confirming the distribution made by the auditor wherein the fund was appropriated to the judgment of Dysart & Weaver in preference to

the judgments of James P. Glasgow, which were entered, on the judgment docket index two days prior."

*Aug. S. Landis, H. M. Baldridge* with him in the court below, but who died before the argument, for appellant.—The undisputed fact that the Dysart & Weaver judgment was entered two days after the Glasgow judgments does not depend on parol proof. If all the parol proof was excluded enough appears of record to still establish it. Nor does its establishment depend on the fact of the priority of Glasgow's judgments in place on the page of the judgment index, but the indorsement on the judgment note of Dysart & Weaver shows it was not entered on the index until January 11, 1893, and the memorandum made by the prothonotary on the judgment index docket calls attention to this indorsement. This we contend is record evidence of the fact.

Since the record of a cause is now largely governed by statutory enactment or local custom, it may be stated that whatever proceedings, facts or papers the law or the practice of the courts require to be enrolled are properly a part of the record, and there need not be any express order of the court making it a part thereof: 20 Am. & Eng. Ency. 489; Lothrop v. Blake, 3 Pa. 484; Myer v. Verner, 10 W. N. C. 138.

In the judgment docket index the judgments of James P. Glasgow came first in order on the page. The judgment index docket is prima facie evidence of the order in which liens are created: Polhemus's App., 32 Pa. 328.

The purchaser is bound to take notice of liens appearing on the judgment index, but he is not bound to look beyond it: Crouse v. Murphy, 140 Pa. 340.

It is the creditor's duty to see that his judgment is properly entered and indexed so as to give notice to subsequent purchasers and lien creditors. If there is any mistake the remedy of the party aggrieved is against the prothonotary. Third parties will always be protected in acting on the faith of it: Coyne v. Souther, 61 Pa. 457; Wood v. Reynolds, 7 W. & S. 406; Hamilton's App., 103 Pa. 371; Hutchinson's App., 92 Pa. 186.

*Harry A. McFadden* and *N. P. Mervine,* for Dysart & Weaver, appellees.—The lien of a judgment dates from the

marking of the judgment filed by the prothonotary : Kendig's App., 82 Pa. 68 ; Hance's App., 1 Pa. 408 ; 1 Trickett on Liens, sec. 233.

As between creditors the lien of judgments dates from the time of entry, that is, time of filing : Welsh v. Murray, 4 Dallas, 320 ; Bear v. Patterson, 3 W. & S. 233.

The records must stand or fall on their own merit and cannot be attacked collaterally nor can parol testimony be received to contradict the records : Hoffman v. Coster, 2 Whart. 453 ; Graham v. Smith, 25 Pa. 323 ; Patterson v. Stewart, 10 Watts, 472 ; McMicken v. Commonwealth, 58 Pa. 223 ; Patton v. Miller, 13 S. & R. 254 ; Adams v. Betz, 1 Watts, 425 ; Clark v. McComman, 7 W. & S. 469 ; Morris v. Galbraith, 8 Watts, 166 ; Withers v. Haines, 2 Pa. 435 ; Coleman v. Coleman, 19 Pa. 109 ; Otterson v. Middleton, 102 Pa. 89 ; County of Cumberland v. Boyd, 113 Pa. 52 ; 1 Trickett on Liens, sec. 230 ; Fulton's Est., 51 Pa. 215 ; Mann's App., 1 Pa. 24.

An entry on the judgment docket is not necessary to create a lien as between immediate parties; its only purpose is to give notice to subsequent purchasers : York Bank's App., 32 Pa. 446 ; 1 Trickett on Liens, 283.

OPINION BY MR. JUSTICE MITCHELL, October 7, 1895 :

The auditor found that in fact the appellant's judgments were entered first on the index docket, but as he considered that this priority was only established by parol proof which contradicted the record, and could not be received for such purpose, he reported in favor of appellees' judgment, and in this view the learned judge below concurred.

The principle that the record imports absolute verity and cannot be contradicted, is unquestionable, but it does not apply to the present case.

The auditor reports that " the Glasgow judgments appear the nearest to the top of the page in the index docket, and there are several intervening judgments before the Dysart & Weaver judgment appears below." The same fact is apparent from the copy of the docket entries attached to the opinion of the court. It was held in Polhemus's Appeal, 32 Pa. 328, that the judgment docket is prima facie evidence of the order in which liens are entered, and though in that case priority of date was united

with priority of position, yet the prima facies must apply to the latter as well as to the former, for by the act of March 29, 1827, sec. 3, 9 Sm. 319, Purdon, ed. 1894, p. 1100, entries in the judgment docket " shall be so made that one shall follow the other in the order of time in which the said judgments shall have been rendered, entered or filed." Priority of position on the page of the docket therefore implies priority of date, and appellant's judgment is entitled prima facie to this priority. But on coming down to the Dysart and Weaver judgment we find that although posterior in position it bears an anterior date. If the date is right the position is wrong, and there is a manifest inconsistency in the record itself which calls for explanation. If it were necessary we should be compelled to go outside to ascertain the actual facts, and the rule that the record must be self sustaining and self explanatory would have to give way pro tanto to necessity. But here the docket itself points out the explanation. The last column contains the memorandum, " see endorsement on note," and on turning to the endorsement we find the facts stated, " Filed 6 January 1893. . . . 11 Jany. '93 *indexed on record* but within note having been returned in error with statement to plff." The inconsistency in the record is thus explained, and the actual facts made clear. The note was filed with the prothonotary on January 6 but was not docketed until January 11. In the interval appellant's judgments had been entered and indexed without notice of the Dysart & Weaver note or the judgment on it. Appellant is entitled to his priority thus acquired. It is the order of actual entry not the mere date that it bears, which determines the legal priority. A judgment regularly entered on the judgment docket cannot be deprived of its position then acquired by any act of the prothonotary in putting an earlier date to an entry lower down on the page and in fact made afterwards.

The proper practice when errors, clerical or other, are discovered, is not to deface the record with erasures or blots or interlineations; but to put on it an explanation showing the error, how it was made, and how and when and by whom corrected. Only in this manner can the record avoid occasional conflict with itself, and bear convincing testimony that it is, as it imports, absolute verity. The reference in the present case by the prothonotary on the judgment docket to the indorse-

ment on the note, and the facts explicitly stated in the indorsement, have enabled us to reconcile the inconsistency in the record and to ascertain beyond any possible doubt the facts on which the rights of the parties depend.

Decree reversed and appellant's judgments directed to be awarded their proper precedence in the distribution.